David E. KLEIN, Plaintiff–Appellant,

v.

Michael SOWA a/k/a Mike Sowa, the Oak Alley Inn, a Colorado general partnership, Henry L. Weidlich and Michael Moriarity, individually and as equal general partners of the Oak Alley Inn, Defendants–Appellees.

No. 86CA0793.

Colorado Court of Appeals, Div. II.

July 14, 1988.

Lawrence Rotenberg, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Joel N. Varnell, Denver, for defendants-appellees.

NEY, Judge.

Plaintiff, David E. Klein, appeals the directed verdicts entered by the trial court on his negligence claims. We affirm in part, reverse in part, and remand for a new trial.

The plaintiff, a patron at the Oak Alley Inn, was injured as the result of an altercation with another patron, Michael Sowa. The plaintiff alleges that the Oak Alley Inn, its owners, and its employees, were negligent in that they served intoxicating beverages to Sowa when they knew he was a habitual drunkard and when he was visibly intoxicated. In addition, the plaintiff alleges that the Oak Alley Inn and its owners were negligent because they knew of Michael Sowa's tendency towards argument and yet failed to protect the plaintiff from this danger. The trial court directed a verdict for the defendants Oak Alley Inn and its owners on all theories of negligence. The action against defendant Sowa was dismissed at plaintiff's request.

The plaintiff contends that he presented sufficient evidence to establish that Sowa was visibly intoxicated when he was served alcoholic beverages by the defendants in violation of § 12–47–128(1)(a), C.R.S. (1985 Repl.Vol. 5), and thus, his negligence per se theory presented a jury question. We agree.

In considering issues raised on appeal from a directed verdict for the defendants, the evidence must be examined in the light most favorable to the plaintiff. *Ferguson v. Gardner*, 191 Colo. 527, 554 P.2d 293 (1976). It is only in the clearest of cases, where the facts are undisputed and reasonable minds could draw but one inference, that the issues of negligence and proximate cause are to be taken from the jury. *Taco Bell Inc. v. Lannon*, 744 P.2d 43 (Colo. 1987); *Ferguson v. Gardner, supra.*

Here, the plaintiff presented testimony by several witnesses that Michael Sowa appeared visibly intoxicated to them. Although the trial court rejected one witness' opinion on Sowa's state of sobriety because it was lacking foundation, the testimony by the plaintiff and two other witnesses was sufficient to create a jury question on the issue of visible intoxication.

The trial court erred when it required that a defendant-server actually observe "visible intoxication" before liability would attach; rather, the issue is whether the server knew or should have known of the patron's visible intoxication. A server cannot avoid liability by lack of vigilance. Thus, the evidence need not establish that the bartender herself was aware of Sowa's condition. It is enough that evidence was presented from which the jury could reasonably find that Michael Sowa was visibly intoxicated and the bartender should have been aware of his condition. Such evidence was properly based on the observations of others that during the time Sowa was being served, he appeared visibly intoxicated to them. *See Largo Corp. v. Crespin*, 727 P.2d 1098 (Colo.1986); *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550 (1964); *See also* Annot., 97

A.L.R.3d 522 (1980). Therefore, the cause must be remanded to the trial court for a new trial.

We find no merit in plaintiff's contention that the trial court erred in directing a verdict on his second claim for relief, *i.e.*, that the Oak Alley Inn served Sowa knowing that he was a habitual drunkard. There is no evidence in the record to support this claim.

We find defendant's contention that this court has no jurisdiction is without merit. The plaintiff's notice of appeal was timely.

The judgment is reversed as to the negligence claim premised on Sowa being served while visibly intoxicated and the cause is remanded for trial on that claim. In all other respects, the judgment is affirmed.

SMITH and VAN CISE, JJ., concur.